IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES,           :<br>an Illinois corporation,                 :<br>                                                    :<br>    Plaintiff/Counterclaim-Defendant, :<br>                                                    :<br>v.                                                :           Civil Action No. 07-754 (GMS)<br>                                                    :<br>BANNER PHARMACAPS INC.     :<br>a Delaware corporation,                :<br>                                                    :<br>    Defendant/Counterclaim-Plaintiff. : | |

**DEFENDANT BANNER PHARMACAPS INC.'S RESPONSE TO PLAINTIFF'S
MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

Plaintiff, Abbott Laboratories ("Abbott"), moves under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss all its action with prejudice, and "with each party to bear its own costs, fees, and disbursements." (D.I. 19 at 2) Defendant, Banner Pharmacaps, Inc. ("Banner"), does not oppose Abbott dismissing its action with prejudice. But Banner objects to Abbott's proposal that the Order state that "each party bears its own costs, fees, and disbursements." The basis for Banner's objection is set forth below.

1.  Abbott sued Banner alleging infringement of two patents, following Banner's filing of an ANDA with the FDA. (D.I. 1) Banner counterclaimed for a declaratory judgment of non-infringement of both patents, and for unfair competition. (D.I. 7 at 5-7)

2.  Banner's unfair competition counterclaim asserts that Abbott filed the Complaint with knowledge that its patent infringement claims were untenable because Banner's ANDA was explicitly directed solely to valproic acid, and could not have included the patented subject

matter of an oligomer with 1:1 molar ratio of sodium valproate and valproic acid as claimed in both Abbott patents. (D.I. 7 at 5-6) The damages that Banner seeks under its counterclaim include Banner's costs, fees and disbursements as a result of the suit, in addition to the profits that Abbott obtained and Banner lost from Abbott's sham lawsuit.

3. Abbott proposes to dismiss its infringement claims with prejudice. That is appropriate, because Abbott's infringement allegations had no basis and Abbott understandably wishes to avoid the embarrassment of its illegitimate action.

4. However, Abbott also proposes the provision that "each party bears its own costs, fees, and disbursements." This language could be construed as a summary dismissal of some of Banner's damage claims under its unfair competition count. Therefore, that phrase should not be included in any Order, because it may constitute summary judgment without any showing as required by the Federal Rules.

5. To effectuate Abbott's motion, it would be sufficient to merely provide that Abbott has dismissed its claims with prejudice, and that "Abbott shall bears its own costs, fees, and disbursements." Those provisions afford Abbott all the relief to which it is entitled, and do not present any issue of an inadvertent premature decision as to damages which have been incurred and are recoverable by Banner under its counterclaim.

For the all of the foregoing reasons, Banner respectfully requests that the Court enter the Order as requested by Abbott, but substituting the last phrase of Abbott's motion with the

language "Abbott shall bears its own costs, fees, and disbursements."

A proposed form of Order is respectfully attached.

Dated:  August 14, 2008     By: /s/ *AnnaMartina Tyreus*_____
                                             GEORGE PAZUNIAK (DE # 478)
                                             ANNA MARTINA TYREUS (DE # 4771)
                                             WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
                                             222 Delaware Avenue, Suite 1501
                                             Wilmington, Delaware 19801
                                             Telephone: (302) 252- 4320
                                             Email: GPazuniak@wcsr.com
                                             Email: MTyreus@wcsr.com

                                             *Attorneys for Banner Pharmacaps Inc.*

OF COUNSEL:

Charles J. Raubicheck
FROMMER LAWRENCE & HAUG, LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

**CERTIFICATE OF SERVICE**

      I, AnnaMartina Tyreus, hereby certify that on August 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, and copies were caused to be served upon the following counsel of record via electronic mail:

      Paul E. Crawford, Esquire
      Connolly, Bove, Lodge & Hutz
      The Nemours Building
      1007 North Orange Street
      P.O. Box 2207
      Wilmington, DE 19899
      (302) 658-9141
      pcrawford@cblh.com
      Attorney for Plaintiff

      /s/ *AnnaMartina Tyreus*_____
      AnnaMartina Tyreus

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES,<br>an Illinois corporation, | : <br> : <br> : | |
| Plaintiff/Counterclaim-Defendant, | : <br> : | |
| v. | : <br> : | Civil Action No. 07-754 (GMS) |
| BANNER PHARMACAPS INC.<br>a Delaware corporation, | : <br> : <br> : <br> : | |
| Defendant/Counterclaim-Plaintiff. | : | |

### ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

Plaintiff, Abbott Laboratories ("Abbott"), having moved pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss its action with prejudice,

IT IS HEREBY ORDERED AND ADJUDGED THAT

The action by Plaintiff Abbott Laboratories is dismissed with prejudice.  Abbott shall bears its own costs, fees, and disbursements.


Dated:  August __, 2008           _____
                                  UNITED STATES DISTRICT JUDGE